[DO NOT PUBLISH]

In the

# United States Court of Appeals

For the Eleventh Circuit

_____

No. 21-13680

Non-Argument Calendar

_____

RICHARD CHEATWOOD,

Plaintiff-Appellant,

*versus*

CITY OF VESTAVIA HILLS,

Defendant-Appellee,

CHIEF OF POLICE,
City of Vestavia Hills,

Defendant.

—————————————

Appeal from the United States District Court
for the Northern District of Alabama
D.C. Docket No. 2:17-cv-00984-MHH

—————————————

Before ROSENBAUM, LUCK, and LAGOA, Circuit Judges.

PER CURIAM:

Richard Cheatwood is a former police officer for the City of Vestavia Hills, Alabama (the "City"). After he was denied a promotion to the position of Patrol Corporal and later terminated for conduct unbecoming an officer, among other things, he filed a lawsuit claiming age discrimination and retaliation. *See* Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. § 623(a)(1), (d). The district court granted summary judgment to the City, and Cheatwood appeals.

We affirm for the reasons stated in the district court's thorough and well-reasoned order granting summary judgment (dated September 22, 2021).[1] We summarize these reasons briefly below.

---

[1] We review a grant of summary judgment *de novo*, viewing the evidence in the light most favorable to Cheatwood and resolving all reasonable inferences in his favor. *Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1263–64 (11th Cir. 2010).

21-13680                Opinion of the Court                        3

First, Cheatwood was not qualified for a promotion to Patrol Corporal under the City's rules because, when he applied, he was under investigation by internal affairs for alleged misconduct. While there was evidence to support the view that the City waited to solicit applications until the internal-affairs investigation began in order to derail Cheatwood's ability to pursue a promotion, no reasonable jury could conclude that his age motivated his superiors to stymie him from qualifying for the position or that the investigation was baseless. Rather, ample and uncontroverted evidence established that the investigation stemmed from legitimate concerns about Cheatwood's attitude and conduct and not his age. *See Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 148 (2000) (stating that summary judgment may be granted "if the plaintiff created only a weak issue of fact as to whether the employer's reason was untrue and there was abundant and uncontroverted independent evidence that no discrimination had occurred").

Second, Cheatwood failed to establish a genuine issue of material fact that the City's proffered reasons for his termination were pretextual. As the district court explained, even if Cheatwood did not make the serious comment attributed to him—that he was planning to get an AK-47 and bring it to a City Council meeting—no reasonable jury could conclude that the City did not honestly believe Cheatwood made the comment, based on a report and testimony by a fellow officer. *See Gogel v. Kia Motors Mfg. of Ga., Inc.*, 967 F.3d 1121, 1149 (11th Cir. 2020) (*en banc*) ("What matters in this inquiry is what the employer in good faith believes the

employee to have done, not whether the employee actually engaged in the particular conduct.").

Cheatwood claims that the City's response shows that it did not honestly believe he had made the alleged threat, but we disagree. Cheatwood does not dispute that, after the report of the AK-47 threat, the Chief of Police ordered Cheatwood to leave the premises immediately, deactivated his access card to the building, added security to the City Council meeting that evening, and increased security at City Council meetings and work sessions for the next couple of months. Cheatwood's arguments that the City could have taken other actions, such as initiating a criminal prosecution, amount to mere second-guessing or quarreling with the wisdom of the City's response and are not sufficient to establish pretext. *See Alvarez v. Royal Atl. Developers, Inc.*, 610 F.3d 1253, 1266 (11th Cir. 2010) ("We do not sit as a 'super-personnel department,' and it is not our role to second-guess the wisdom of an employer's business decisions—indeed the wisdom of them is irrelevant—as long as those decisions were not made with a discriminatory motive.").

For these and other reasons explained in more detail by the district court, we affirm the grant of summary judgment against Cheatwood on his claims of age discrimination and retaliation under the ADEA.

**AFFIRMED.**